Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Tullio J. Marchionne
Nevada Bar No. 4684
tullio.marchionne@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Capital One Services, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NATASHA PORTEOUS on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL ONE SERVICES, LLC and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.<br><br>[District Court Case No. A-17-762625-C]<br><br>**NOTICE OF REMOVAL OF ACTION** |

TO: **THE CLERK, UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

PLEASE TAKE NOTICE that under 28 U.S.C. §§ 1441 and 1446, Capital One Services, LLC ("Defendant")[1] by and through its undersigned counsel, hereby files this Notice of Removal of Action ("Notice") of this case from the Eighth Judicial District Court of the State of Nevada, in which it is now pending, to the United States District Court for the District of Nevada.  Federal question jurisdiction of this Court is invoked under 28 U.S.C. § 1331.  Diversity jurisdiction of this Court is also invoked under 28 U.S.C. § 1332, as well as supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

---

[1] Plaintiff improperly names Capital One Services, LLC in this action.  The proper party defendant in this action is Capital One Services II, LLC.

I. **State Court Action**

Plaintiff Natasha Porteous ("Plaintiff") filed this action against Defendant in the Eighth Judicial District Court of the State of Nevada on October 5, 2017, Case No. A-17-762625-C (the "State Court Action"). (*See* a true and correct copy of the Plaintiff's Collective Action and Class Action Complaint against Defendant ("Complaint") attached hereto as **Exhibit A**.) Plaintiff filed an Initial Appearance Fee Disclosure (NRS Chapter 19) on October 5, 2017. (*See* a true and correct copy of the Initial Appearance Fee Disclosure attached hereto as **Exhibit B**.) Copies of the Summons and Complaint were served on the registered agent for Defendant on October 26, 2017. (*See* true and correct copies of the Notice of Service of Process attached hereto as **Exhibit C**.)

The State Court Action generally alleges that Defendant required Plaintiff and all employees in Defendant's call center department in Nevada to engage in pre-shift and post-shift work activities off the clock and without compensation. (*See generally*, **Exhibit A**.) Thus, Plaintiff filed this suit alleging the following causes of action: (1) failure to pay wages in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*.; (2) failure to pay overtime wages in violation of the FLSA, 29 U.S.C. § 207; (3) failure to pay the correct overtime rate in violation of the FLSA, 29 U.S.C. § 207(e); (4) failure to pay wages for all hours worked in violation of NRS 608.140 and 608.016; (5) failure to pay minimum wages in violation of the Nevada Constitution; (6) failure to pay overtime wages in violation of NRS 608.140 and 608.018; (7) failure to pay all wages due and owing upon termination pursuant to NRS 608.140 and 608.020-050; and (8) breach of contract. (*See id.*)

II. **This Court Has Federal Question Jurisdiction Under 28 U.S.C. § 1331**

Plaintiff's first, second and third causes of action allege violations of the FLSA; specifically, failure to pay wages, failure to pay overtime wages and failure to pay the correct overtime rate. (*See* **Exhibit A**, ¶¶ 21-36.)

FLSA is a federal law. Accordingly, Plaintiff's Complaint presents federal question jurisdiction under 28 U.S.C. § 1331.

. . .

. . .

2

### III. This Court Also Has Diversity Jurisdiction Under 28 U.S.C. § 1332

#### A. Diversity of Citizenship

Plaintiff is and was a resident of the State of Nevada during the relevant time period. (*See* **Exhibit A,** ¶ 4.) Defendant is a Delaware limited liability company with its principal place of business in McLean, Virginia. Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of Nevada and Defendant is a citizen of both Delaware and Virginia.

#### B. Amount in Controversy

Plaintiff claims the amount in controversy exceeds $10,000 (*see* **Exhibit A,** ¶ 1.) Plaintiff seeks Rule 23 treatment of all those similarly situated to Plaintiff (*see* **Exhibit A**, ¶ 19 (D)) and alleges there are in excess of 700 class members (*see* **Exhibit A**, ¶ 20). Thus, although Defendant denies that Plaintiff is entitled to any remedy, the aggregate amount sought by Plaintiff and those similarly situated to Plaintiff in her Complaint will put at issue an amount that likely exceeds $5,000,000.00.

### IV. This Court Has Supplemental Jurisdiction Over Plaintiff's Remaining State Law Claims Under 28 U.S.C. § 1367

Plaintiff's Complaint also alleges a breach of contract claim and several Nevada state law wage claims, including Defendant's alleged failure (i) to pay wages for all hours worked in violation of NRS 608.140 and 608.016; (ii) to pay minimum wages in violation of the Nevada Constitution; (iii) to pay overtime wages in violation of NRS 608.140 and 608.018; (iv) to pay all wages due and owing upon termination pursuant to NRS 608.140 and 608.020-050. These state law claims arise from the same alleged occurrences and/or common nucleus of operative facts that underlie Plaintiff's federal FLSA claims. The Complaint makes clear that each of Plaintiff's claims, including the state law claims, are related to allegations of Defendant's alleged failure to pay Plaintiff and other employees for pre-shift and post-shift work performed off the clock. This Court, therefore, has supplemental jurisdiction over Plaintiff's remaining state law claims pursuant to 28 U.S.C. § 1367.

### V. This Removal Is Timely

Plaintiff served Defendant on October 26, 2017. As this Notice is being filed on

November 15, 2016, less than 30 calendar days after the Complaint was served on Defendant, the removal is timely.

## VI. Requirements For Removal

Defendant has met all other requirements for removal as follows:

A. Defendant attached to this Notice, as **Exhibit A** through **Exhibit C**, copies of "all process, pleadings and orders" served upon it pursuant to 28 U.S.C. § 1446(a).

B. Defendant has also concurrently filed a copy of this Notice in the Eighth Judicial District Court for the State of Nevada.

C. Defendant has served a copy of this Notice upon Plaintiff's counsel.

D. All named Defendants have been served and consent to the removal of Plaintiff's action.

E. This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

DATED this 15th day of November, 2017.

                              OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C

                              /s/ Anthony L. Martin
                              Anthony L. Martin
                              Nevada Bar No. 8177
                              Tullio J. Marchionne
                              Nevada Bar No. 4684
                              Wells Fargo Tower
                              Suite 1500
                              3800 Howard Hughes Parkway
                              Las Vegas, NV  89169
                              *Attorneys for Defendant Capital One Services, LLC*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **NOTICE OF REMOVAL OF ACTION** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing document was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV  89511

*Attorneys for Plaintiffs Natasha Porteous*
*on behalf of herself and all others*
*similarly situated*

DATED this 15th day of November, 2017.

/s/ Carol Rojas
AN EMPLOYEE OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800