Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Tullio J. Marchionne
Nevada Bar No. 4684
tullio.marchionne@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendant Capital One Services, LLC*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NATASHA PORTEOUS on behalf of herself and all others similarly situated,<br><br>     Plaintiffs,<br><br>vs.<br><br>CAPITAL ONE SERVICES, LLC and DOES 1 through 50, inclusive,<br><br>     Defendant(s). | Case No.  2:17-cv-02866-JCM-GWF<br><br>**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |

Capital One Services, LLC[1] ("Defendant"), by and through its undersigned counsel of record, hereby moves to dismiss Plaintiff's Complaint (ECF No. 1-1, the "Complaint") for failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

. . .

. . .

. . .

. . .

---

[1] Plaintiff improperly names Capital One Services, LLC in this action.  The proper party Defendant in this action is Capital One Services II, LLC.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

This Motion is based on the records, pleadings, and papers on file herein, together with the following Memorandum of Points and Authorities, and any such further argument as the Court may deem appropriate.

DATED this 22nd day of November, 2017.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C

/s/ *Anthony L. Martin*
Anthony L. Martin
Nevada Bar No. 8177
Tullio J. Marchionne
Nevada Bar No. 4684
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
*Attorneys for Defendant Capital One Services, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Natasha Porteous' ("Plaintiff") collective and class action wage and hour case is fatally flawed and should be dismissed in its entirety.  Essentially, Plaintiff claims that she and others similarly situated were not paid for time spent engaging in certain pre-shift and post-shift activities, including booting up her computer, loading programs to be used during her workday, clocking out and shutting down those very same programs.  (*See* Complaint, ECF No. 1-1, ¶¶ 10-11.)  According to Plaintiff, these activities were performed prior to clocking in and after clocking out for her shift.  (*Id.*)  To that end, Plaintiff asserts a collective action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), which narrowly governs federal minimum wage and overtime **only**, and a class action for purported violations of Nevada's constitutional minimum wage and certain Nevada Wage statutes.  These claims, however, fail as a matter of law.  The specific relief that Plaintiff seeks, *i.e.* payment for "all hours worked" is not available under most of Plaintiff's claims absent an alleged overtime and/or minimum wage violation, something which Plaintiff has not sufficiently pled here.  Only NRS 608.016 (Claim Four) provides that wages are to

be paid for "all hours worked."  Significantly, however, Plaintiff lacks a private right of action to enforce this particular statutory provision.  As explained further herein, all of Plaintiff's claims fail as a matter of law and must be dismissed accordingly.

Plaintiff asserts three Nevada statutory wage violation claims against Defendant:  (1) failure to compensate for all hours worked in violation of NRS 608.140 and 608.016 (Claim Four); (2) failure to pay overtime in violation of NRS 608.140 and 608.018 (Claim Six); and failure to timely pay all wages due and owing in violation of NRS 608.140 and 608.020-050 (Claim Seven).  These claims must be dismissed because Plaintiff does not have standing to maintain a private cause of action, on behalf of herself or others, to prosecute these claims.  In fact, the very issue of whether or not Plaintiff has a private right of action for claims arising under NRS 608.016 and NRS 608.018 is pending before the Nevada Supreme Court in *Neville Jr. v. Dist Ct. (Terrible Herbst, Inc.),* Case No. 70696 (Writ Petition Accepted September 16, 2016) ("*Neville*").

Recognizing the fatal flaws associated with her NRS Chapter 608 statutory claims, Plaintiff also alleges "breach of contract" (Claim Eight).  This cause of action fails because the Complaint is devoid of facts to substantiate this claim.  In Nevada, there is a presumption that employees are at-will, which means that the employer can alter the terms of employment with or without cause, and with or without notice to the employee.  To overcome this presumption, an employee must allege the existence of an actual employment contract.  Plaintiff's inability to allege the existence of an employment contract to rebut the at-will presumption dooms this claim, and it must be dismissed.

Further, Plaintiff's claim for failure to pay minimum wages in violation of the Nevada Constitution (Claim Five) fails as a matter of law.  Quite simply, Plaintiff is not seeking to recover alleged unpaid minimum wages, nor does she allege any specific factual allegations to support such a claim.  Rather, Plaintiff seeks to recover wages for "all hours worked" via this claim, despite the fact that such relief is not included within the narrow confines of Article 15, Section 16 of the Nevada Constitution.  Thus, Plaintiff's misguided constitutional minimum wage claim fails as a matter of law.

Lastly, Plaintiff's collective action claims under the FLSA (Claims One, Two and Three) are critically flawed.  The FLSA governs the payment of federal minimum wage and overtime

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

only.  Here, Plaintiff's claims must be dismissed for the simple reason that they fail to allege that Defendant:  (1) failed to pay the federal minimum wage (2) failed to pay federal overtime or (3) failed to pay the correct overtime rate, the key allegations required to maintain these causes of action.  As recently determined by the Ninth Circuit, Plaintiff cannot maintain FLSA claims to recover wages for "all hours worked."

Given that Plaintiff has failed to state a claim upon which relief could be granted, the claims in the Complaint subject to this Motion should be dismissed with prejudice.

## II.   SUMMARY OF FACTS FROM PLAINTIFF'S COMPLAINT[2]

Plaintiff was employed by Defendant as a non-exempt personal banker/customer service representative at its Las Vegas call center location from November 30, 2015 until April 11, 2017 and was paid $18.38 per hour upon hire.  (ECF No. 1-1, at ¶¶ 7-8.)  According to Plaintiff, she was scheduled for, and regularly worked, at least five (5) shifts per week, eight (8) hours per shift, and forty (40) hours per workweek.  (Id. at ¶ 9.)  Plaintiff alleges that she had to perform pre-shift work activities off the clock and without compensation, namely booting up her computer, loading numerous programs to be used during her workday, and reading email notifications prior to clocking into the timekeeping system.  Plaintiff estimates that it took her approximately 15 minutes to perform these work-related activities prior to clocking in.  Plaintiff further alleges that she had to perform post-shift work activities off the clock and without compensation, namely shutting down the various programs she used during her workday and powering off her computer. Plaintiff estimates that it took her approximately 5 minutes to perform these work-related activities after clocking out.  (Id. at ¶¶ 10-11.)  According to Plaintiff's Complaint, in the last full workweek in April, 2017, from April 3rd to April 9th, Plaintiff believes she worked, and was paid for, 40 hours but these hours did not include pre- and post-shift activities.  Pursuant to the Complaint, Defendant thus owes Plaintiff wages (both in the form of overtime, regular rate, and minimum wage) for 15 minutes pre-shift and 5 minutes post-shift, for a total of 20 minutes for each of the shifts worked

---

[2] For purposes of this Motion only, Defendant acknowledges that all factual allegations contained in the Complaint are to be regarded as true and all inferences must be drawn in favor of Plaintiff, even though Defendant denies the same.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

during that workweek, for a total of $49.95 in overtime wages ($27.57 per overtime hour) for this workweek.  (*Id.* at ¶ 12.)

Plaintiff further alleges that, in addition to hourly compensation Defendant pays Plaintiff and other call center employees, it also provides a non-discretionary monthly incentive payment as compensation for meeting certain production standards and that, upon information and belief, this incentive payment was not included in Plaintiff's regular rate of pay when calculating Plaintiff's overtime compensation.  (*Id.* at ¶ 15.)

## III.   **LEGAL ANALYSIS**

### A.   **Legal Standards For Dismissal Under Fed. R. Civ. P. 12(b)(6) And 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(6) authorizes this Court to dismiss a complaint for failure to state a claim upon which relief can be granted.  *See Yazoo County Indus. Dev. Corp. v. Suthoff*, 454 U.S. 1157, 1160-61 (1982).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal punctuation and citation omitted); Fed. R. Civ. P. (8)(a)(2) (stating a claim requires a statement showing the plaintiff is entitled to relief).  "Factual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[A] district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed."  *Id.* at 558 (*quoting Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)).

Testing the sufficiency of Plaintiff's Complaint, thus, involves two steps.  *See Iqbal*, 556 U.S. at 678-79.  First, the court must identify and eliminate from further consideration allegations that are "legal conclusions" or "threadbare recitals of the elements of a cause of action."  *Id.* at 678. A plaintiff "does not unlock the doors of discovery . . . armed with nothing more than conclusions."  *Id.* at 678-79.  Unless there are "well-pleaded facts" that demonstrate the plausibility of the claim, "the complaint has alleged - but it has not shown - that the pleader is entitled to relief."  *Id.* at 679 (quotations omitted) (*citing* Fed. R. Civ. P. 8(a)(2)).  Moreover, neither "legal conclusion[s] couched as factual allegation[s]" nor "naked assertions devoid of further factual

enhancement" are enough to survive a motion to dismiss.  *Id.* at 678; *see also Twombly*, 550 U.S. at 555 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013).  Only if and "[w]hen there are well-pleaded factual allegations" should this Court proceed to the second step to determine "whether they plausibly give rise to an entitlement to relief."  *See Iqbal*, 556 U.S. at 679.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  *Id.*  When claims have not crossed the line from conceivable to plausible, the complaint *must* be dismissed. *Id.* at 680. "Determining whether a complaint states a plausible claim for relief will…be a context-specific task that requires the court to draw on its judicial experience and common sense." *Id.* at 679.

Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III."  *Lujan*, 504 U.S. at 560-61.  Plaintiff bears the burden of establishing each element of constitutional standing. *Id.* at 561.  Absent Article III standing, a federal court does not have subject matter jurisdiction to address a Plaintiff's claims, and the claims must be dismissed.  *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).  A motion to dismiss for lack of standing implicates the court's subject matter jurisdiction and is appropriately brought under Federal Rule of Civil Procedure 12(b)(1).  *Id.*  In a Rule 12(b)(1) motion to dismiss, the Court assumes the material facts alleged in the complaint are true, *Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty.*, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

**B.**  **Plaintiff's Nevada Statutory Wage Violation Claims (Claims Four, Six, And Seven) Must Be Dismissed For Failure To State Viable Claims**

Plaintiff's state wage and hour claims are fatally flawed and should be dismissed.  Contrary to Plaintiff's allegations, (ECF No. 1-1 at ¶¶ 38, 48 and 55), Nevada law **does not** permit Plaintiff to pursue a private right of action under NRS 608.140, 608.016, 608.018, 608.020, 608.030, 608.040, and 608.050 (collectively, Plaintiff's "Nevada Wage Statutes" claims).  Because no private right of action exists to enforce these provisions of the Nevada Wage Statutes, Plaintiff's Claims Four, Six, and Seven of the Complaint fail as a matter of law, and should be dismissed.

**1.**   **This Court May Not Create A Private Right Of Action**

Under Nevada law, if a statute does not expressly mention whether an individual may

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

privately enforce one of its terms, an individual may only pursue his claims if a private right of action is implied.  *Baldonado v. Wynn Las Vegas, LLC*, 121 Nev. 954, 961, 194 P.3d 96, 102 (2008) (no private right of action under NRS 608.100, 608.120, and 608.160).  To determine legislative intent, Nevada Courts examine the entire statutory scheme, reason and public policy. *See Tyus v. Wendy's of Las Vegas, Inc.,* 2015 WL 1137734, at *6 (D. Nev. Mar. 13, 2015).  In *Baldonado*, the Court looked to the U.S. Supreme Court's three-factor test:  (1) whether the plaintiffs are of the class for whose special benefit the statute was enacted; (2) whether the legislative history indicates any intention to create or deny a private remedy; and (3) whether implying such a remedy is consistent with the underlying purposes of the legislative scheme. *Baldonado,* 121 Nev. at 958-59, 194 P.3d at 101.  Ultimately, the determinative factor is always whether the Legislature intended to create a private judicial remedy.  *Id.* (*citing Alexander v. Sandoval,* 532 U.S. 275, 286 (2001)).  "The absence of an express provision for a private right of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy." *Id.* (*citing Richardson Constr. v. Clark Cty Sch. Dist*., 123 Nev. 61, 65, 156 P.3d 21, 23 (2007).  As noted by Chief Judge Navarro, "without this intent, courts may not create a cause of action no matter how desirable that might be as a policy matter, or how compatible with the statute." *Tyus,* 2015 WL 1137734, at *7 (*citing Alexander v. Sandoval,* 532 U.S. 275, 286-87 (2001).

In its analysis, the *Baldonado* Court interpreted the plain language of NRS 608.180 and aptly observed that **the Nevada Legislature has "expressly ordered the Labor Commissioner to enforce" NRS 608.005 to 608.195, inclusive**, and that "when an administrative official is expressly charged with enforcing a section of law, a private cause of action generally cannot be implied." *Id.* at 961, 194 P.3d at 102 (*citing* NRS 608.180) (emphasis added).  The court concluded "in light of the statutory scheme requiring the Labor Commissioner to enforce the labor statutes, and the availability of an adequate remedy for those statutes' violations, the Legislature did not intend to create a parallel private remedy." *Id.* at 960, 194 P.3d at 102.

Indeed, NRS 608.180 unambiguously provides **"[t]he Labor Commissioner or the representative of the Labor Commissioner shall cause the provisions of NRS 608.005 to**

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**608.195, inclusive, to be enforced."**[3]   The statute also lists the **only** representatives charged with the authority to prosecute actions arising under NRS 608.005 through 608.195 on behalf of the Nevada Labor Commissioner:  the county district attorney, the Deputy Labor Commissioner, the Attorney General, or special counsel (a contract attorney retained by the Labor Commissioner). *See* NRS 607.065.   Obviously, neither the Nevada Labor Commissioner, nor its statutorily-designated representative, is a party to this action.  Therefore, Plaintiff does not have standing to privately enforce NRS 608.016, 608.018, 608.020, 608.030, 608.040, 608.050 or 608.140.

The Nevada Supreme Court has held no implied right of action exists in other contexts for which the Legislature has created administrative remedies.  *See e.g.*, *Rosequist v. Int'l Ass'n of Firefighters Local 1908*, 118 Nev. 444, 446, 49 P.3d  651, 652 (2002), *overruled on other grounds by Allstate Ins. Co. v. Thorpe*, 123 Nev. 565, 170 P.3d 989, 995 n. 22 (2007) (dismissing Plaintiffs' complaint when it fell within the exclusive jurisdiction of the Employee-Management Relations Board); *Sports Form v. Leroy's Horse & Sports*, 108 Nev. 37, 40-41, 823 P.2d 901, 903-904 (1992)(refusing to allow gaming statutes to be enforced through a private right of action).

### 2.   The Legislature Did Not Intend There To Be A Private Right Of Action

As *Baldonado* and these prior Nevada Supreme Court decisions emphasize, the language and history of the statutes demonstrates that the Nevada Legislature did not intend a private right of action in this instance.  *See, e.g*., *Miranda v. O'Reilly Auto Stores, Inc*., 2014 WL 4231372, at *2-5 (D. Nev. Aug. 26, 2014); *Cardoza v. Bloomin' Brands, Inc*., 2014 WL 3748641, at *2-3 (D. Nev. July 30, 2014); *Descutner*, 2012 WL 5387703 at *2-4.  The decisions are correct, and they stem directly from the statutes and the reasoning of a Nevada Supreme Court decision holding that there is no private right of action to enforce a related statutory section.  *Baldonado*, 124 Nev. at 960, 194 P.3d at 101-02 (finding no private right of action to enforce NRS 608.160).

---

[3] Because the text of NRS 608.180 is clear and unambiguous, there is no need to refer to the legislative history.  *See Egan v. Chambers,* 129 Nev. Adv. Op. 25, 299 P.3d 364, 366 (2013) (noting that "[w]hen a statute is clear on its face, we will not look beyond the statute's plain language"); *see also Beazer Homes Nev., Inc. v. Eighth Judicial Dist. Ct.,* 120 Nev. 575, 579–80, 97 P.3d 1132, 1135 (2004).  However, to the extent the Court is inclined to consider legislative intent, it need only refer to Judge Jones' comprehensive legislative assessment in *Descutner v. Newmont USA Ltd.*, 2012 WL 5387703 (D. Nev. Nov. 1, 2012).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

First, like the section at issue in *Baldonado*, the relevant Nevada statutory sections here are all contained between NRS 608.005 and NRS 608.195. Chapter 608 leaves no doubt about who is responsible for enforcing the sections at issue: "The Labor Commissioner or the representative of the Labor Commissioner *shall* cause the provisions of NRS 608.005 to 608.195, inclusive, to be enforced, and upon notice from the Labor Commissioner or the representative (the district attorney, Deputy Labor Commissioner, Attorney General or special counsel) shall prosecute the action for enforcement according to law." *See* NRS 608.180 (emphasis added).

Second, referring to Chapter 608, the Nevada Supreme Court "was emphatic that 'the absence of an express provision providing for a private right of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy.'" *Miranda*, 2014 WL 4231372 at *2 (*quoting Baldonado*, 124 Nev. at 959, 194 P.3d 96 at 101). *See also Descutner*, 2012 WL at 5387703 at *2. There is no such express language regarding any of the sections pleaded in the Claims Four, Six, and Seven of Plaintiff's Complaint.

Third, referring specifically to NRS 608.180, the Nevada Supreme Court was equally emphatic that "when an administrative official is expressly charged with enforcing a section of laws, a private cause of action generally cannot be implied." *Baldonado*, 124 Nev. at 961, 194 P.3d. at 102. As set forth above, the Labor Commissioner is expressly charged with enforcing NRS 608.005 to 608.195. *See* NRS 608.180; *Miranda*, 2014 WL 4231372, at *2; *Cardoza* 2014 WL 3748641, at *3 n. 23. Accordingly, the Labor Commissioner is expressly charged with enforcing all the statutory sections for which relief is sought in Claims Four, Six, and Seven.

Fourth, the Legislature could not have been clearer that it knew how to create a private right of action when it wanted to. Indeed, in Chapter 608 itself, the Legislature explicitly created a - albeit narrowly tailored - private right of action to enforce NRS 608.250. *See* NRS 608.260 ("the employee may, at any time within 2 years, bring a civil action"). The canon of construction *expressio unius est exclusion alterius* directly applies in this instance. "The inclusion of an express private right of action in a statutory provision and the exclusion of similar language in a neighboring provision gives rise to an inference that the exclusion was purposeful." *San Juan Cable LLC v. Puerto Rico Tel. Co., Inc.*, 612 F.3d 25, 30-31 (1st Cir. 2010).

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

Fifth, another canon of construction reinforces the conclusion there is no private right of action to enforce the sections pleaded in Claims Four, Six and Seven.  In 2009, a contemplated amendment to Chapter 608 proposed providing a private right of action "against an employer for a violation of NRS 608.015 to 608.155."  *See* 2009 Nevada Senate Bill No. 189, Nevada Seventy-Fifth Regular Session.  The Legislature's rejection of the amendment reinforces that it did not intend for there to be a private right of action and that the statute in its current form did not authorize a private right of action.  *See Natchez v. State*, 102 Nev. 247, 250, 721 P.2d 361, 363 (Nev. 1986) (finding that the rejection of an amendment that would have permitted ophthalmologists to employ optometrists reinforces the conclusion that the Legislature intended to prohibit the employment of optometrists by ophthalmologists).  *See also Wingco v. Gov't Emp. Ins. Co*., 130 Nev. Adv. Op. 20, 321 P.3d 855, 857 (2014) ("Generally the rejection of an amendment indicates that the legislature does not intend the bill to include the provisions embodied in the rejected amendment.") (citation omitted).

Accordingly, the analysis clearly reveals that a private remedy is inconsistent with the legislative scheme and that the Labor Commissioner has exclusive jurisdiction over such claims.  A right to a private wage claim is entirely a creature of statute.  The Legislature has created an express right of action for an employee who is paid less than minimum wage (*see* NRS 608.260), but it has not done so for the claims alleged by Plaintiff for overtime, compensation for all hours worked, and for wages allegedly due and owing.  Such claims, therefore, belong before the Labor Commissioner, and Claims Four, Six, and Seven should be dismissed.

### 3.   With Few Exceptions, The Majority Of Cases Have Held There Is No Private Right Of Action To Enforce Nevada Wage Statutes

The vast majority of decisions in the District of Nevada on this issue directly address whether there is a private right of action to enforce the relevant Nevada statutory wage provisions.  In all cases, the court unequivocally held there was no such private right of action.  *See e.g. Sargent v. HG Staffing, LLC,* 2016 WL 128141, at *2 (D. Nev. Jan. 12, 2016) (granting summary judgment to defendant on plaintiffs' claims under NRS 608.140, 608.016, 608.140, 608.018 and 608.020-050 because no private right of action existed under those sections of the statute);

10

*Miranda,* 2014 WL 4231372 (holding that there is no private right of action under NRS 608.100 and dismissing claims under NRS 608.106, 608.018, and 608.020-050 because the private right of action that can be implied under NRS 608.140 only reasonably includes pre-wage-and-overtime law contractual claims); *Johnson v. Pink Spot Vapors Inc.,* 2015 WL 433503, at *5 (D. Nev. Feb. 3, 2015)(holding that no private right of action exists under NRS 608.018 and NRS 608.020 without a contractual claim related to overtime rights or payment upon termination); *Cardoza,* 2014 WL 3748641 (holding "NRS 608.140 does not create a cause of action to recoup wages and it is not a vehicle for the private enforcement of NRS 608.016, 608.018, or any other provision of Nevada's Labor Code in a lawsuit"); *McDonagh v. Harrah's Las Vegas, Inc.,* 2014 WL 2742874 (D. Nev. June 17, 2014) ("Notably, NRS 608.180 charges the Labor Commissioner with enforcement of NRS 608.005-608.195, which this court finds persuasive to imply that no private rights of action exist for the included statutes."); *Gamble v. Boyd Gaming Corp.,* 2014 WL 2573899 (D. Nev. June 6, 2014)("It is settled law that NRS § 608.140 does not imply a private remedy to enforce labor statutes, which impose external standards for wages and hours, but only provides private rights of action for contractual claims.") (internal punctuation and citation omitted); *Dannenbring v. Wynn Las Vegas, LLC,* 907 F. Supp. 2d 1214, 1219 (D. Nev. 2013) (dismissing claims pursuant to NRS 608.140, 608.018, 608.020, and 608.040 because "§ 608.140 does not imply a private right of action to enforce the labor statutes.")(internal punctuation and citation omitted); *Descutner,* 2012 WL 5387703, at *2 ("[S]ection 608.140 does not imply a private right of action to sue under the labor code"); *Worthen v. Aftermath, Inc.,* 2012 WL 398703, at *2 (D. Nev. Feb. 6, 2012)("There is no private right of action under NRS 608.005 - NRS 608.195"); *Lucatelli v. Texas De Brazil (Las Vegas) Corp.,* 2012 WL 1681394, *3 (D. Nev. 2012) (dismissing Plaintiffs' claims under NRS 608.018, 608.020, and 608.040, for overtime pay, payment at time of discharge, and penalty for failure to pay at time of discharge, respectively, and finding that the violations of Nevada labor statutes could not be asserted as private rights of action); *Garcia v. Interstate Plumbing & Air Conditioning,* LLC, 2011 WL 468439, at *6 (D. Nev. Feb. 4, 2011) (NRS 608.018 does not provide for a private right of action because it is enforced by the Nevada Labor Commissioner).

Thus, there is no right to privately enforce NRS 608.005 - 608.195, and consequently, Defendant asks this Court to dismiss Plaintiff's Claims Four, Six, and Seven in the Complaint.

### 4. NRS 608.140 Does Not Create A Private Right Of Action

#### a. NRS 608.140 Governs the Recovery of Attorney's Fees

NRS 608.140 provides for the recovery of attorneys' fees and for the unpaid wages that have been proved by a claimant in a civil action to be due.  Although entitled as an attorney fee provision, the Nevada Supreme Court has indicated that the statute recognizes a civil action to recoup unpaid wages **when such terms are stated in a *contract.***  *Baldonado*, 124 Nev. at 965, 194 P.3d at 104, n. 33.  The fee-shifting provision contained in NRS 608.140 does not, however, give Plaintiff a private right of action to seek enforcement of the wage statutes at issue in this case. Each court that has addressed the issue has concluded NRS 608.140 refers only to attorney fee-shifting in common law breach of contract cases.  *Miranda*, 2014 WL 4231372 at *2; *Cardoza*, 2014 WL 3748641 at *3; *Gamble*, 2014 WL 2573899 at *4; *Dannenbring*, 907 F. Supp. 2d at 1219; *Descutner*, 2012 WL 5387703 at *2.

First, the Nevada Legislature expressly charged the Labor Commissioner with enforcing NRS 608.005 to 608.195, whereas it specifically created a private right of action to enforce only NRS 608.250.  It belies credulity to conclude that a private right of action to enforce all the sections of Chapter 608 should be inferred because of an attorney fee-shifting provision that says nothing about a private right of action related to statutory wage claims.

Second, although NRS 608.140 obviously refers to some kind of private right of action, *see Baldonado*, 194 P.3d at 964 n. 33, it is a *non sequitur* to assume that it refers to a private right of action to enforce NRS 608.005 to 608.195.  *Miranda*, 2014 WL 4231372 at *6.[4]

---

[4] The now-rectified mistake that some early decisions made was to read the *Baldonado* footnote about NRS 608.140's implied private right of action to mean a private right of action to broadly enforce the wage statutes.  The more recent decisions have confined NRS 608.140 to its proper place, and focused on the actual reasoning of the *Baldonado* decision which emphasizes that the absence of express language indicating a private right of action to pursue statutory wage claims, particularly when combined with language expressly granting the Labor Commissioner enforcement authority, leads to the conclusion that there is no private right of action to enforce NRS 608.005 to 608.195.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

Third, the wording and history of NRS 608.140 make clear the legislature did not intend the section to create a private right of action nor to refer to a private right of action under Chapter 608. The language is devoid of any reference to the enforcement of statutorily-imposed external rights, but for "wages earned and due according to the terms of his or her employment."   NRS 608.140. The phrase denotes the enforcement of a private, contractual arrangement, not standards externally imposed by a statute.  *See Miranda*, 2014 WL 4231372 at \*3; *Cardoza*, 2014 WL 3748641 at \*3; *Descutner*, 2012 WL 5387703 at \*2.  Indeed, to ignore the phrase "according to the terms of his or her employment," would be to render part of the statute nugatory or mere surplusage in violation of basic canons of construction.  *Cardoza*, 2014 WL 3748641 at \*3.   Moreover, the dates of enactment support the conclusion that NRS 608.140 does not refer to private enforcement of the sections at issue here.  The statute, enacted in 1925, cannot have been intended to apply to sections that were not even created until decades later.  *Miranda*, 2014 WL 4231372 at \*4; *Descutner*, 2012 WL 5387703 at \*4.   Nothing about NRS 608.140 supports the conclusion that the Nevada Legislature intended a private right of action regarding NRS 608.005 to 608.195.  To the contrary, everything the Nevada Legislature has done (and not done) suggests it did not intend a private right of action.  *See supra*. What NRS 608.140 does, however, is alter the usual American Rule regarding who pays the attorneys' fees of a successful plaintiff in such a common law, contract case.  *See Cardoza*, 2014 WL 3748641 at \*2.

Similarly, the fact that the Legislature used the word "contract" in another section does not change the fact that nothing about NRS 608.140 indicates the Nevada Legislature intended to create a private right of action to enforce the specific statutory sections in Chapter 608 at issue here.  It is far more likely that the different wording was either immaterial or that the Nevada Legislature intended the attorney fee-shifting provision in NRS 608.140 to apply to common law claims beyond pure breach of contract actions, such as claims sounding in *quantum meruit*, unjust enrichment, or promissory estoppel.  In any event, the only authority on point makes clear that the phrase "according to the terms of his or her employment" does not refer to employment rights created by statute.  *Miranda*, 2014 WL 4231372 at \*3; *Cardoza*, 2014 WL 3748641 at \*2-3; *Descutner*, 2014 WL 2012 WL 5387703 at \*2.

*b.        The District Court has Addressed NRS 608.140*

This District Court has agreed, offering insightful direction in *Descutner v. Newmont USA Ltd.*, 2012 WL 5387703 (D. Nev. Nov. 1, 2012).  In *Descutner*, the District of Nevada thoroughly examined the statutory language of NRS 608.140 and likewise determined that a private right of action does not exist to enforce NRS 608.018, finding instead that employees may only sue in contract under such statutes.  Specifically, Judge Jones reasoned as follows:

> **[S]ection 608.140 does not imply a private right of action to sue under the labor code, but only to sue in contract**.  Section 608.140 clearly presumes the availability of some kind of private right of action to recover wages, because it governs attorney's fees and costs in such actions.  However, section 608.140 only implies a private right of action to recover wages "*earned and due according to the terms of his or her employment*," (emphasis in original) and therefore appears to govern fees and costs only in common law contractual suits.  **The statute does not imply a private remedy to enforce the labor statutes, which impose external standards for wages and hours**.  The *Baldonado* Court was emphatic that "the absence of an express provision providing for a private cause of action to enforce a statutory right strongly suggests that the Legislature did not intend to create a privately enforceable judicial remedy."  In ruling that there was no private right of action under sections 608.100, 608.160, and 613.120, the *Baldonado* Court indicated that the Labor Commissioner's authority covered sections 608.005 to 608.195 and that "when an administrative official is expressly charged with enforcing a section of laws, a private cause of action generally cannot be implied."  In light of *Baldonado's* broad language and warning against lightly implying private causes of action, the Court believes that section 608.018 is within the Labor Commissioner's exclusive jurisdiction, just as section 608.100 is.

*Id.* at *2 (emphasis added); *see also Dannenbring v. Wynn Las Vegas*, 2013 WL 271478 at *4 (D. Nev. Jan. 23, 2013) (adopting analysis in *Descutner* and dismissing claims under NRS 608.018, 608.020, 608.040, and 608.140).

*c.        NRS 608.140's Limited Applicability*

A more detailed look at the language of NRS 608.140 provides insight into its intent to address a party's freedom to contract.  NRS 608.140 applies to any "mechanics, artisan, miner, laborer, servant *or* employee" who may bring suit for "**wages earned and due according to the terms of his or her employment**…" and, therefore, governs fees and costs only in common law breach of contract suits.  (Emphasis added.)  The reason behind this is constitutional in nature.  In creating the exception to the general statutory scheme wherein the Labor Commissioner addresses all claims covered in sections 608.005 to 608.195, the Legislature allowed for an employee to

address a breach of contract claim directly with the judiciary, to the extent such a claim exists. Since a contract claim will have a longer statute of limitations period and may have additional damages and remedies over which the Labor Commissioner has no ability to issue, an exception to the general rule allows a wage claimant to completely address any contractual dispute (to the extent one does in fact exist).

### 5.   NRS 608.020 Through NRS 608.050 Are Not Wages, But Penalties

As indicated above, courts in the District of Nevada are consistent in determining that there is no private right of action to enforce NRS 608.020 through NRS 608.050.  Just as in this case, in addition to other wage claims, the court in *Sargent* was faced with a claim of <u>Failure to Timely Pay All Wages Due and Owing in Violation of NRS 608.140 and 608.020-050</u>.  In granting summary judgment to defendant on, in addition to other claims, plaintiffs' NRS 608.020 through NRS 608.050 wage claim, the court reasoned that recent case law from this district has held that no private right of action exists to enforce labor statutes arising from any of the statutes at issue here. *See Sargent v. HG Staffing, LLC,* 2016 WL 128141, at *2 (D. Nev. Jan. 12, 2016), citing *Johnson v. Pink Spot Vapors Inc.,* No. 2:14-CV-1960-JCM-GWF, 2015 WL 433503, at *5 (D. Nev. Feb. 3, 2015) (holding that no private right of action exists under NRS 608.018 and NRS 608.020 without a contractual claim).

The courts' rationale is further supported by the fact that NRS 608.040, entitled "**Penalty for failure to pay discharged or quitting employee**" and NRS 608.050, entitled "**Wages to be paid at termination of service: Penalty; employee's lien**", each set forth and define statutory waiting time **penalties** to be imposed upon an employer in the event the employer does not timely pay a discharged employee (NRS 608.020) or employee who resigns or quits (NRS 608.030) wages and compensation.  As is explicit in their respective titles, payments under these statutes are not wages but rather statutory **penalties** imposed due to non-compliance with NRS 608.020 or NRS 608.030.  Under no circumstance does a private right of action exist for violations of NRS 608.020 – NRS 608.050, (*see Sargent* at *2), and must be pursued by the Nevada Labor Commissioner or his/her designee.  *See Miranda v. O'Reilly Auto. Stores, Inc*., No. 2:14-CV-00878-RCJ, 2014 WL 4231372, at *2 (D. Nev. Aug. 26, 2014), and NRS 608.180.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Defendant's position is consistent with the decision in *Miranda*, in which the court there stated:

> That remedial scheme is not, as Plaintiff argues, "nonsensical" because it prevents class actions. It may be frustrating to labor law attorneys that there is no private right of action directly in the courts permitting them to take advantage of the lucrative Rule 23 procedure in cases where the remedy must go through the Commissioner on a case-by-case basis, but that does not render the remedial system adopted by the Nevada State Legislature "nonsensical."

*Id.* at *3. Claim Seven must, therefore, be dismissed.

### C.     Plaintiff's FLSA Claims Must Be Dismissed For Fatal Pleading Deficiencies

#### 1.     Plaintiff's First Claim for "All Hours Worked" Must Be Dismissed

Plaintiff's claim that Defendant violated the minimum wage provisions of the FLSA (Claim One) should be dismissed because Plaintiff has alleged no facts that might support a recognized FLSA minimum wage claim.  A minimum wage violation of the FLSA occurs only if, after examining the workweek as a whole, the total compensation for the week divided by the number of hours worked during the week results in an average hourly rate below the statutory minimum.  *See Adair v. City of Kirkland,* 185 F.3d 1055, 1063 (9th Cir. 1999) (*citing Hensley v. MacMillan Bloedel Containers, Inc.,* 786 F.2d 353, 357 (8th Cir. 1986) ("However, no violation occurs 'so long as the total weekly wage paid by an employer meets the minimum weekly requirements of the statute, such minimum weekly requirement being equal to the number of hours actually worked that week multiplied by the minimum hourly statutory requirement.'" (*quoting U.S. v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 490 (2d Cir. 1960)).  This method for determining an FLSA minimum wage violation was confirmed in *Samuels v. We've Only Just Begun Wedding Chapel. Inc.,* slip op. No. 2:13-cv-00923-APG-PAL, 2014 WL 1302047, at *3 (D. Nev. Mar. 31, 2014).

The FLSA does not apply where, as alleged here, uncompensated work fails to trigger an alleged minimum wage violation.[5]  By seeking wages for "all hours worked" and not alleging

---

[5] To claim improper compensation under this provision, Plaintiff must allege that the wages fell below this statutory minimum.  However, the workweek as a whole, not each individual hour within the work week, determines an employee's "wages" for purposes of determining FLSA violations.  *See* 29 C.F.R. § 776.4(a).  Thus, an employer's failure to compensate an employee for any particular hours worked does not necessarily violate the minimum wage provision of the FLSA.  *See Dove v. Coupe,* 759 F.2d 167, 171 (D.C. Cir. 1985).  If the total wage paid to an

minimum wage violations, Plaintiff is attempting to bring a "gap time" claim under the FLSA.  As explained by the Central District of California, "gap time" refers to:

> [T]ime not covered by the overtime provisions because it does not exceed the overtime limit, and . . . not covered by the minimum wage provisions because, even though it is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.

*Farris v. County of Riverside,* 667 F. Supp. 2d 1151, 1161 (C.D. Cal. 2009) (internal quotations omitted).

The United States Court of Appeals for the Ninth Circuit just recently specifically addressed whether the FLSA permits "gap time" claims in *Douglas v. Xerox Business Services, LLC,* No. 16-35425, D.C. No. 2:12-cv-01798-JCC (November 15, 2017), when it considered "whether the relevant unit for determining minimum-wage compliance is the workweek as a whole or each individual hour within the workweek."  *Id.* at 3.  The plaintiffs in *Xerox* were customer service representatives at call centers, were paid pursuant to a complex plan that included designated and non-designated pay rates for specific assigned tasks, and brought an action on behalf of a class of similarly situated employees alleging that Xerox's payment plan violated the minimum-wage and overtime provisions of the FLSA.

In *Xerox*, the Ninth Circuit confirmed that when determining minimum-wage compliance, the workweek rather than each individual hour within the workweek shall be considered (holding that [e]ven if the plaintiffs were confused by Xerox's [complex] payment plan, they still received the floor guaranteed by the congressionally established minimum wage" and that [u]nder the workweek standard, Xerox complied with the minimum-wage provision").  *Id.* at 14.

Even before *Xerox*, the district courts in the Ninth Circuit consistently held that **"gap time" claims were not available under the FLSA**.  *See  Maciel v. City of Los Angeles*, 569 F. Supp. 2d 1038, 1055 (C.D. Cal. 2008) (holding that "gap time" claims are not recognized by the FLSA); *Farris,* 667 F. Supp. 2d at 1161 ("While the FLSA allows for recovery of unpaid overtime and unpaid minimum wages, it does not provide for recovery under a gap time theory."); *Abbe v. City*

---

employee in any given workweek divided by the total hours worked that week equals or exceeds the applicable minimum wage, there is no FLSA violation.  *See Adair,* 185 F.3d at 1062 n. 6.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

*of San Diego*, No. 05CV1629DMS(JMA), 2007 WL 4146696, at *14 (S.D. Cal. Nov. 9, 2007) (holding that "a 'pure gap time' claim is untenable").  Looking outside the Ninth Circuit, nearly every Circuit facing this issue has joined in this assessment.  *See, e.g., U.S. v. Klinghoffer Bros. Realty Corp.,* 285 F.2d 487, 490 (2d Cir. 1960); *Monahan v. County of Chesterfield,* 95 F.3d 1263, 1280 (4th Cir. 1996); and *Hensley v. MacMillan Bloedel Containers, Inc.,* 786 F.2d 353, 357 (8th Cir. 1986).  Only one circuit court has disagreed.  *See Lamon v. City of Shawnee*, 972 F.3d 1145 (10th Cir. 1992).  This Court should not be persuaded by the Tenth Circuit as the single outlier case.  Rather, the Court should rule in accordance with the weight of authority within the Ninth Circuit and elsewhere that "gap time" claims are not available under the FLSA.

Here, it cannot be disputed that Claim One, which seeks compensation for "all hours worked," is an untenable "gap time" claim.[6]  The Complaint is devoid of any allegation that Plaintiff received an effective rate of pay less than $7.25 per hour to support a federal minimum wage violation.  (*See generally* ECF No. 1-1.)  If anything, Plaintiff's Complaint supports the opposite conclusion.  Plaintiff admits that she was earning $18.38 per hour upon being hired, which is more than double the statutory minimum of $7.25 per hour.  (*Id.*, ¶ 8.)  Because Plaintiff's Complaint does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its fact," her FLSA minimum wage claim should be dismissed.  *Iqbal,* 556 U.S. at 678.

### 2.    Plaintiff's Second Claim Fails To Satisfy Minimum Pleading Standards

In determining whether a plaintiff has stated a plausible overtime claim under the FLSA, we look to Rule 8 of the Federal Rules of Civil Procedure.  *See, e.g., Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 995-97 (9th Cir. 2014).  Plaintiff's FLSA overtime claim must be dismissed because the Complaint does not contain any **factual allegations** which, if true, would establish that Plaintiff worked more than 40 hours in a workweek to make this a viable claim.  With respect to overtime, Plaintiff conclusory alleges as follows:

---

[6] It is Defendant's position that this same rationale should be applied to Plaintiff's claim for all hours worked pursuant to NRS 608.016 (Claim Four), as well as Plaintiff's Minimum Wage Amendment violation claim (Claim Five), at least in this particular instance.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

> By failing to compensate Plaintiff and FLSA Class Members for the time spent engaging in pre-and post-shift activities, Defendant failed to pay Plaintiff and FLSA Class Members overtime for all hours worked in excess of forty (40) hours in a week in violation of 29 U.S.C. Section 207(a)(1).

(ECF No. 1-1 at ¶ 28.)  Such pleading is wholly insufficient.  The only other "factual" allegation in support of the claim, however, is that Plaintiff was scheduled for, and regularly worked, at least five shifts per week, eight hours per shift, and forty hours per workweek.  (*Id.*, ¶ 9.)  This allegation merely restates the statute in different words.  It is a mere recitation of the legal elements "couched as factual allegations" that the Supreme Court held insufficient in *Iqbal*.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *see also Twombly*, 550 U.S. at 555 (rejecting a "formulaic recitation of the elements").

In this case, Plaintiff is required to plead specific facts which, if proven to be true, would establish that she **actually worked** more than 40 hours in a workweek to support her FLSA overtime claim.  However, the Complaint is devoid of such factual allegations.  (*See generally* ECF No. 1-1.)  This critical pleading deficiency cannot be overlooked; dismissal is appropriate.

### 3. Plaintiff's Third Claim Fails To Satisfy Minimum Pleading Standards

Just as with Plaintiff's Second Claim, we again look to Rule 8 of the Federal Rules of Civil Procedure to determine whether a Plaintiff has stated a plausible claim under the FLSA.  *See Eclectic Props*, 751 F.3d at 995-97.  Plaintiff's FLSA overtime "rate" claim must also be dismissed because the Complaint does not contain any **factual allegations** which, if true, would establish that Plaintiff was paid an incorrect overtime rate to make this a viable claim.  With respect to the rate of overtime, Plaintiff summarily alleges as follows:

> By failing to include the incentive plan payments in the regular rate of pay of Plaintiff and FLSA Class Members, Defendant thus failed to pay the correct rate of overtime premium compensation for each overtime hour worked in violation of 29 U.S.C. Section 207(e).

(ECF No. 1-1 at ¶ 35.)  This pleading is wholly insufficient as it remains devoid of anything more than a conclusory reference to Plaintiff receiving "a non-discretionary incentive payment" that was not included in regular pay for purposes of calculating overtime compensation due.  (*Id.*, ¶ 32.)

Again, as with Plaintiff's Second Claim, this allegation merely restates the elements for this claim without stating facts applicable to the elements of the claim. This claim is a mere recitation of the legal elements "couched as factual allegations" that the Supreme Court held insufficient in *Iqbal*. *See Iqbal*, 556 U.S. at 678.

Plaintiff is required to plead specific facts which, if proven to be true, would establish that they **actually received** a non-discretionary incentive payment to support their FLSA overtime rate claim. This claim fails as a matter of law and should be dismissed accordingly.

### D. Failure To Pay Minimum Wages In Violation Of The Nevada Constitution

Plaintiff's allegations are entirely insufficient to establish even a facially valid claim that Defendant failed to pay minimum wage compensation to her as provided in the Minimum Wage Amendment. Specifically, the Minimum Wage Amendment requires each employer to pay a wage to each employee of "not less than the hourly rates" set forth in the section. Nev. Const. art. 15, § 16. These hourly rates of payment are, per the Minimum Wage Amendment, published by bulletin from the Governor of Nevada or a designated state agency on April 1st of each year. *Id.* Nevada's Constitution establishes a two-tiered minimum wage system, and the applicable minimum hourly wage rate depends on whether an employee is offered health benefits by his or her employer. *Id.*

Critically, Plaintiff does not allege Defendant failed to pay her, or anyone employed by Defendant, at a rate of pay which was lower than the applicable Nevada state minimum wage established in the Minimum Wage Amendment. (*See generally* ECF No. 1-1.) In fact, Plaintiff alleges that **she was making $18.38 per hour**, an amount that is well above Nevada's minimum wage. (ECF No. 1-1 at ¶ 8.)

Instead, Plaintiff alleges Defendant has violated the Minimum Wage Amendment by failing to compensate her and Nevada Class members for any compensation for time allegedly spent engaging in "pre and post-shift activities" which they estimate at approximately 20 minutes per work day, at least during the workweek from April 3rd to April 9th, 2017. (*Id.* at ¶¶ 10-12, 45.) But even if these allegations were true - which Defendant denies - Plaintiff has not shown how even 20 minutes of allegedly uncompensated time per day caused her to receive total compensation and wages which were less than the applicable Nevada state minimum wage in any given workweek.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

To the contrary, Plaintiff is again seeking payment for "all hours worked."  (*See* e.g., ECF No. 1-1 at ¶46 ("Wherefore, Plaintiff demands for herself and for the NEVADA Class Members payment by Defendant at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for **all hours worked**…").)  Claim Five should also be dismissed.

### E.     Plaintiff's Contract Claim Fails Because Plaintiff Is An At-Will Employee

Perhaps in an attempt to manufacture facts to fall within this Court's opinions in *Descutner* and *Dannenbring* (which provide a private cause of action exists to sue in contract only), Plaintiff's Complaint conjures up an alleged "agreement" between the parties.  However, Plaintiff's vague allegations regarding an agreement to pay a specific rate of pay in exchange for a promise to perform work fail to satisfy minimum pleading requirements for Claim Eight to survive this Motion.  (*Id.* at ¶63.)  Defendant must be given fair notice as to the nature of Plaintiff's claims and the grounds upon which they rest.  *See* Fed. R. Civ. P. 8(a)(2).

#### 1.     Alleging The Existence Of An "Agreement" For Compensation To Perform Your Job Is Not Enough To Overcome The At-Will Presumption

"Employees in Nevada are presumed to be employed 'at-will' unless the employee can prove facts legally sufficient to show a contrary agreement was in effect."  *Dillard Dep't Stores, Inc. v. Beckwith,* 115 Nev. 372, 376, 989 P.2d 882, 885 (1999) (citing *Vancheri v. GNLV Corp.,* 105 Nev. 417, 777 P.2d 366 (1989)).  While the employment relationship is at-will, both the courts and the Legislature have created certain, limited exceptions to the rule, such as the public policy exception and for refusal to violate the law.  *See D'Angelo v. Gardner*, 819 P.2d 206, 212 (Nev. 1991); *see also Wiltsie v. Baby Grand Corp*., 774 P.2d 432, 433 (Nev. 1989).  These exceptions to the at-will doctrine do not automatically create a contract for employment.  "[E]mployers may unilaterally modify the terms of an at-will employment arrangement in prospective fashion; the employee's continued employment constitutes sufficient consideration for the modification." *Baldonado,* 124 Nev. at 966.  Here, Plaintiff failed to allege facts demonstrating the existence of a contrary agreement sufficient to rebut the at-will employment presumption.  There simply are no allegations regarding any statements or conduct on the part of Defendant that expressed its intention to create **something other than the existing at-will employment relationship with**

**Plaintiff**.  This fact is fatal to Plaintiff's claim for breach of contract for an alleged failure to pay wages to Plaintiff at an allegedly agreed-upon rate, because the Supreme Court of Nevada has recognized "employers may unilaterally modify the terms of an at-will employment arrangement in prospective fashion, and as such, 'at will employees have no contractual rights arising from the employment relationship that limit the employer's ability to….change the terms of employment.'" *Baldonado,* 124 Nev. 951 at 967, 194 P.3d at 106.  Nothing alleged in Plaintiff's Complaint is enough to overcome the at-will presumption.

### 2.   No Facts Support A Breach Of Contract Cause Of Action

The Complaint also fails to state a common law breach of contract claim.  Notably, the "facts" are nothing but restatements of the elements for each claim.  To successfully plead a breach of contract claim, a plaintiff must allege facts to show:  (1) the existence of a valid contract; (2) performance or excuse of performance by the plaintiff; (3) material breach by the defendant; and (4) damages.  *See Sainio v. Int'l Game Tech.,* 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006); *see also Silver State Broad., LLC v. Beasley FM Acquisition Corp.,* No. 2012 WL 4049481, at *4 (D. Nev. Sept. 12, 2012) (citing *Calloway v. City of Reno*, 993 P.2d 1259 (Nev.2000), overruled on other grounds by *Olson v. Richard*, 89 P.3d 31, 31–33 (Nev. 2004)).

Notably, Plaintiff cannot meet the first requirement because she does **not** show the existence of a valid, underlying contract.  Not only does Plaintiff represent that she had an "agreement" to be paid hourly wages, Plaintiff also alleges this unnamed, and undescribed "employment agreement" between Defendant and Plaintiff "necessarily incorporated all applicable provisions of both state and federal law, including the labor laws of the State of Nevada."  (*Id.* at ¶ 64.)  Indeed, Plaintiff has failed to name or describe the purported "contract" at issue, and has not specified whether the alleged agreement between Defendant and the Plaintiff was written or oral.

Further, Plaintiff falls short in alleging sufficient facts to establish the second element of a breach of contract claim, "performance."  Not only does Plaintiff fail to allege generally that she was successful in the performance of her "promise to perform work," (ECF No. 1-1 at ¶ 63), Plaintiff neglected to provide a single factual allegation describing what her contractual "performance" entailed.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

A breach of contract claim must be premised on a definite meeting of the minds on all material points, such as the rate of pay, term of employment, the work promised in exchange, when the contract was formed, and others. *See Prasad v. BAC Home Loans Serv'ing LP*, 2010 U.S. Dist. LEXIS 133938 *7-8 (N.D. Cal. 2010). When the elements to a breach of contract claim are simply restated, without adding any case specific substance, the cause of action should be dismissed under *Iqbal/Twombly*. *Id.* (dismissing breach of contract claim under *Iqbal/Twombly*). Even a cursory review of the Complaint reveals that Plaintiff did not even attempt to state any such facts. Plaintiff's paltry legal statements and conclusions are insufficient to state a claim for breach of contract and warrant dismissal. *See, e.g., Aguilar v. WMC Mortgage Corp.*, 2:09-cv-01416-ECR-PAL, 2010 WL 185951, at *6 (D. Nev. Jan. 15, 2010) (dismissing contract claim for failure to provide defendant with sufficient notice of claim where plaintiffs failed to allege "what contract is at issue, nor [did] they identify what provisions of that contract were breached or how"); *see also Caldwell v. Compass Entertainment Group, LLC*, slip op., 2:12-CV-00458-APG, 2014 WL 202039 (D. Nev. Jan. 14, 2014) (dismissing breach of contract claim relating to license agreement because plaintiff failed to "sufficiently detail the terms of that alleged contract").

### 3. Plaintiff's Breach Of Contract Claim Is Nothing More Than An Impermissible NRS 608 Claim In Disguise

This Court should not permit Plaintiff to circumvent Nevada law and pursue such a claim in the wrong forum. As discussed above, the Nevada Labor Commissioner has been entrusted with the exclusive authority to enforce NRS 608.005 through 608.195. *See* NRS 608.180; *see generally Baldonado,* 124 Nev. 951, 194 P.3d 96 (2008). In *Baldonado,* in addition to holding that a private right of action did not exist to enforce wage statutes, the Nevada Supreme Court also affirmed summary judgment in favor of the employer on plaintiffs' contract claims. *Id.* at 966-68, 194 P.3d at 105-107. In so ruling, the Court emphasized the fact that plaintiffs could avail themselves of the administrative wage claim process through the Nevada Labor Commissioner's office to address their wage dispute. *Id.* at n. 43. Plaintiff's allegations in this case are no different; Plaintiff's contract claim, therefore, fails as a matter of law and should be dismissed.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

**IV.**   <u>**CONCLUSION**</u>

Defendant respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety.

DATED this 22nd day of November, 2017.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C

/s/ *Anthony L. Martin*
Anthony L. Martin
Nevada Bar No. 8177
Tullio J. Marchionne
Nevada Bar No. 4684
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV  89169
*Attorneys for Defendant Capital One Services, LLC*

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I electronically transmitted the foregoing **DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones

Pursuant to FRCP 5(b), I hereby further certify that service of the foregoing document was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Mark R. Thierman
Joshua D. Buck
Leah L. Jones
Thierman Buck LLP
7287 Lakeside Drive
Reno, NV  89511

*Attorneys for Plaintiffs Natasha Porteous*
*on behalf of herself and all others*
*similarly situated*

DATED this 22nd day of November, 2017.

/s/ *Carol Rojas*
AN EMPLOYEE OF OGLETREE, DEAKINS,
NASH, SMOAK & STEWART, P.C.