Anthony L. Martin
Nevada Bar No. 8177
anthony.martin@ogletreedeakins.com
Tullio J. Marchionne
Nevada Bar No. 4684
Tullio.marchionne@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500
3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800
Fax: 702.369.6888

*Attorneys for Defendant Capital One Services II, LLC*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| NATASHA PORTEOUS on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL ONE SERVICES II, LLC and DOES 1 through 50, inclusive,<br><br>Defendant(s). | Case No.: 2:17-cv-02866-JCM-GWF<br><br>**STIPULATED [REVISED] PROTECTIVE ORDER GOVERNING THE CONFIDENTIALITY OF INFORMATION AND DOCUMENTS** |

Plaintiff Natasha Porteous ("Plaintiff") has filed an action individually and on behalf of others similarly situated in the above-captioned Court against Capital One Services II, LLC ("Defendant"), alleging violations of the Fair Labor Standards Act ("FLSA") and Nevada state law. Defendant denies Plaintiff's allegations and that she or others similarly situated are entitled to any relief.

Plaintiff and any potential Opt-In Plaintiffs (collectively, "Plaintiffs") are expected to and have requested confidential, non-public information and documents from Defendant, including, but not limited to, personnel files and other employee information. Plaintiffs are also expected to request documents related to Defendant's business operations. Defendant considers this

information and these documents to be private and confidential.  Defendant is expected to request documents and information regarding the Plaintiffs' compensation and personal finances, employment history, general background, and education, which Plaintiffs may consider to be private and confidential.

Discovery in this case will require the production of documents, inspection of tangible things, the answering of interrogatories and requests to admit, and the taking of oral and/or written depositions, during which the aforementioned proprietary, trade secret, confidential and/or private information and documents of the parties will be exchanged and disclosed.  To expedite the flow of discovery without risk of automatic waiver of confidentiality, to facilitate the prompt resolution of disputes over confidentiality, and to protect adequately material entitled to be kept confidential, the Parties agree to limit the disclosure and use of proprietary, trade secret, confidential and private information and documents as stipulated, pursuant to this Protective Order, on the following terms:

**I.     DEFINITIONS**

The following definitions shall apply to this Protective Order:

A.     This "Action" shall refer to the above-captioned proceeding in the United States District Court for the District of Nevada and any appeal thereof through final judgment.

B.     "Producing Party" shall mean any person or entity producing documents, information or other materials in this Action, including any party to this Action or any third parties.

C.     "Party" shall mean the named Plaintiff and any opt-in Plaintiffs and Defendant in this Action, and any other person that may become a named party to this Action.

D.     "Confidential" information shall be defined as such documents, deposition testimony or other information disclosed during discovery in this Action which the Producing Party or another Party reasonably and in good faith contends contains information that should be protected from disclosure pursuant to this Protective Order.  Any Party may designate any information or documents as Confidential in the reasonable exercise of such Party's sole discretion; provided, however, by

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

2

agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any information or document as Confidential.

E.    "Attorneys' Eyes Only" shall mean only to be reviewed by the Parties' counsel of record.

F.    "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential" or "Confidential – Attorneys' Eyes Only".

G.    When reference is made in this Protective Order to any document or Party, the singular shall include the plural, and plural shall include the singular.

II.   **DESIGNATION OF INFORMATION AND DOCUMENTS**

A.    When any document or things produced under this Protective Order are designated Confidential or Confidential – Attorneys' Eyes Only, a Legend shall be affixed to the first page and all pages containing information for which the Producing Party seeks protection.  When information produced in answer to an Interrogatory, or response to a Request for Production or Request for Admission is designated as Confidential or Confidential – Attorneys' Eyes Only, the response or answer shall be preceded with the appropriate designation.

B.    The designating Party shall bear the burden of establishing that the materials are properly designated as Confidential or Confidential – Attorney's Eyes Only.

C.    Some documents being produced may contain social security numbers of current and former employees of Defendant.  Without need of any designation, social security numbers will be deemed to be Confidential.  In the event a document is produced without the redaction of a social security number, any Party seeking to use the document will redact the social security number before its use in a deposition, court proceeding or court filing.

D.    Some documents produced by Defendant are internal business documents that the company has already designated for business purposes as Confidential.  Without further need of any designation, all such documents will be deemed Confidential unless Defendant, in its discretion, and for use in defending against the named

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

Plaintiff's and the opt-in Plaintiffs' claims, causes of action, legal theories and damages, decides otherwise, in which case, Defendant will so notify the Court or counsel of the same.

E.  The initial failure to designate information or documents as Confidential or Confidential – Attorneys' Eyes Only in accordance with this Protective Order shall not preclude the Producing Party from, at a later date, designating any information or documents as Confidential or Confidential – Attorneys' Eyes Only.  The Producing Party may, by written notice to counsel of record for the receiving Party, designate previously produced information or documents as Confidential or "Confidential – Attorneys' Eyes Only", which it had inadvertently failed to designate.  Upon receipt of such notice, the receiving Party shall promptly mark its copies of the information or documents so designated, and shall thereafter, treat the information and documents as if it had been designated Confidential or Confidential – Attorneys' Eyes Only and shall restrict the disclosure or use of the information or documents in accordance with this Protective Order.  If the information or documents have previously been disclosed to non-parties, the Parties shall take reasonable steps to obtain all such previously disclosed information or documents and advise the non-parties to treat the designated materials in a manner that is consistent with this Protective Order and as though the information and documents were originally so designated.

## III.  LIMITATIONS

A.  This Protective Order shall govern only documents, information and materials generated or produced in response to any method of discovery conducted by any Party to this Action, and used in the prosecution and defense of this Action.

B.  Persons obtaining access to Confidential information under this Protective Order shall use the information only for the preparation of and the trial in this Action, as well as any appeals, as applicable.  Persons shall not use such information for any

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

other purpose, including business, commercial, personal, administrative or judicial proceedings.

C.   Nothing contained in this Protective Order shall require any Party to treat as Confidential documents or information lawfully obtained by means other than through discovery in this Action and under circumstances that would lead a reasonable person to conclude that the documents or information were not intended to be kept confidential by the recipient; provided, however, that nothing in this Protective Order shall authorize any use of documents or information which is otherwise impermissible.

D.   Without separate Court order, this Proposed Protective Order and the Parties' stipulation does not change, amend, or circumvent any court rule or local rule.

## IV.   PERMISSIBLE DISCLOSURES/ACCESS

Except as set forth herein, Confidential information, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court on the condition that the Court enters an order similar to this Protective Order and/or to:   (a) the Parties in this Action, including their agents, officers, directors and employees, but only to the extent that such disclosure is necessary for the conduct of litigation in this Action; (b) outside counsel for the Parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts, independent contractors, consultants, or advisors who are employed or retained by, or on behalf of, one or more of the Parties to this Action or their counsel to assist in preparation of this Action for trial; (d) deponents and their counsel who have a need to review this material during the course of, or in connection with, depositions taken in or for this Action; (e) stenographic reporters who are involved in depositions, the trial or any hearings or proceedings before the Court in this Action; (f) people who have previously received or created the document; and (g) witnesses in this Action who need to review this material in connection with their testimony in this Action. Confidential information may be disclosed to persons listed in this paragraph only after such person has been shown a copy of this Protective Order and agrees to be bound by the terms of this Protective Order in the form attached hereto as **Exhibit A**.   In the event an authorized person does

5

not execute **Exhibit A** expressly agreeing to be bound by the Protective Order, the Parties and the Court will nevertheless deem the authorized person to be so bound.

## V.    DECLASSIFICATION

Unless and until otherwise ordered by the Court, or otherwise agreed by the Parties, all documents and other discovery materials designated Confidential or Confidential - Attorneys' Eyes Only shall be treated as such under this Protective Order.  In the event that any Party objects to the designation of any document, the objecting Party may seek modification of the designation or the disclosure of the redacted information in accordance with the following procedure:

A.    At any time, the receiving Party of any document or information designated Confidential or Confidential – Attorneys Eyes Only may notify the Producing Party, in writing, that the receiving Party does not concur in the designation or redaction. The Parties shall attempt to resolve such challenges informally.  In the event that such attempts are not successful, the challenging Party may file a motion seeking to de-designate the document(s), and the Court shall make an independent determination as to whether or not any given document or information is Confidential and/or properly redacted based upon facts then existing.  In so doing, the Court shall not be bound by any Party's designation; provided, however, that such documents or discovery material shall be deemed Confidential unless and until the Court rules otherwise.

B.    In the event that any Party files a motion challenging the Confidential designation of documents or redaction of information, the filing party shall either submitted the documents and information with the motion to the Court for *in camera* inspection, or under seal in compliance with this District's Local Rules and the Federal Rules of Civil Procedure.

## VI.    DESIGNATED INFORMATION AND DOCUMENTS IN DEPOSITIONS

A.    In the case where Confidential information or documents are used or revealed during a deposition, designation of the transcript or any portion thereof, including the designated documents or other exhibits, as Confidential, may be made by a

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

statement by a Party, counsel or the witness on the record, so that the stenographer transcribing the deposition can affix a Legend to the cover page and all appropriate pages of the transcript and to each copy thereof for dissemination to counsel and in compliance with this Protective Order.

B.     A Party or a witness may designate a deposition or trial transcript, or a portion thereof, disclosing, containing or referring to any Confidential information or documents as "Confidential" by informing counsel for all other parties to this Action in writing within thirty (30) days after receipt of the transcript as to the specific pages and lines deemed confidential, and thereafter such pages and lines shall constitute Confidential information or documents pursuant to this Protective Order.   Upon receipt of such notice, any Party in possession of copies of the transcript with the designated pages and lines shall affix the appropriate Legend thereto.   During the 30-day interval following receipt of a transcript, the transcript shall be treated as Confidential.

## VII.     <u>DESIGNATED INFORMATION AND DOCUMENTS IN BRIEFS</u>

In the event that any Confidential document or information, or information derived therefrom is included with, or the contents thereof are disclosed in any documents filed with the Clerk of this Court or any other court, including, without limitation, any pleadings, motion papers, briefs or deposition transcripts, such documents shall be filed under seal in an envelope bearing the words: "Confidential pursuant to Protective Order entered by the Court on [date] 2018" or filed through the Court's ECF system under seal and, subject to the Court's convenience and needs, kept under seal by the Clerk until further order of the Court.   The Party who has designated such materials as Confidential shall within 10 business days thereafter submit a motion to the Court to sustain the sealed status of such materials, a failure to do so constituting a waiver of such designated status.

/ / /

/ / /

**VIII.   DESIGNATED INFORMATION AND DOCUMENTS IN THE RECORD OF THE ACTION**

Confidential information or documents may be offered in evidence at any hearing or the trial in this Action, provided that the Parties have met, conferred and agreed in advance of the hearing and/or trial as to how the information or documents will be used, including, by way of example, requesting that the Court designate that portion of the transcript containing the Parties' discussion of the Confidential information or documents as confidential and maintain it under seal, only to be produced to the Parties' at their request.  If the Parties cannot agree about how the information or documents will be used during a hearing, before or at the time of the hearing, the Party designating such Confidential status may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure.  If such motion is made regarding evidence to be introduced at the time of trial, then the Party designating such Confidential status shall notify opposing counsel and the Court of its intent to make the motion sufficiently in advance of and outside the presence of the jury so that counsel has the opportunity to object to the evidence and/or an opportunity to seek appropriate protection from the Court outside the presence of the jury and before the information or documents are offered into evidence in open court.  The Court will then determine whether the proffered evidence should continue to be treated as Confidential and, if so, what protection, if any, may be afforded to such information at the hearing.

**IX.   SUBPOENA BY COURT OR OTHER AGENCIES**

If at any time any document or information protected by this Protective Order is subpoenaed by any court, administrative or legislative body, or is requested by any other person or entity purporting to have authority to require the production of such information, the Party to whom the subpoena or other request is directed shall immediately give written notice thereof to any Party which has designated such information Confidential.  The Party that received the subpoena shall object to production under Rule 45, Federal Rules of Civil Procedure ("F.R.C.P."), or any similar rule protecting the production of confidential documents in that proceeding.  After receipt of the notice specified under this paragraph, the designating Party shall be responsible for

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

obtaining any order it believes necessary to prevent disclosure of documents designated, and the Party to whom the referenced subpoena or other request is directed shall produce such document or information only upon an order issued by a judge of a court of competent jurisdiction requiring such production.

**X.   CLIENT CONSULTATION**

Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped Confidential information or documents; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any items so designated except pursuant to the procedures in Paragraph IV above.

**XI.   COPIES OF DESIGNATED INFORMATION**

The attorneys of record are responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, and distribution of copies of Confidential information.  Parties shall not duplicate Confidential information or documents except working copies and for filing in Court under seal.  All copies of any Confidential information or documents shall be treated as provided in this Protective Order.  Any Party making, or causing to be made, copies of any such documents shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Protective Order.

**XII.   NO WAIVER**

A.    No Confidential information or documents shall lose such status under this Protective Order as the result of the use of such information or documents in any hearing, trial, or other court proceeding in this Action, provided that such use is consistent with the terms of this Protective Order.  Counsel to the Parties in this Action shall confer at least five (5) days before any such hearing, trial, or other court proceeding in order to work out any objections to the use of any Confidential information or documents in such court proceeding and to make such amendments to this Protective Order which the Parties agree are necessary to assure the continued confidentiality of such information.

B.   Notwithstanding anything to the contrary contained herein, all objections as to admissibility in evidence of the discovery material subject to this Protective Order are reserved and are not waived by any terms of this Protective Order.  The use of Confidential information and documents as evidence at trial shall be subject to this Protective Order unless otherwise agreed to by the Parties or modified by the Court.

C.   The inadvertent disclosure of Confidential information and documents shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

D.   The inadvertent production of any document or other information during discovery in this Action shall be without prejudice to any claim that such material is privileged, prohibited or protected from disclosure as privileged or work product, and no Party shall be held to have waived any rights by reason of such inadvertent production.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Wells Fargo Tower
Suite 1500, 3800 Howard Hughes Parkway
Las Vegas, NV 89169
Telephone: 702.369.6800

# XIII.  NON-TERMINATION

The termination of proceedings in this Action shall not relieve the Parties from the obligation of maintaining the confidentiality of all information and documents produced and designated pursuant to this Protective Order, unless the Parties otherwise agree or the Court orders or permits otherwise.  Upon the final disposition of this Action, all information and documents, including any summaries or abstracts of materials, however maintained, shall be kept completely confidential.  Counsel for either Party may use the Confidential information and documents only for the purpose of defending ethical charges or professional malpractice charges, and may not use Confidential information or documents in any subsequent lawsuit.

**IT IS SO STIPULATED.**

DATED this 19th day of April, 2018.           DATED this 19th day of April, 2018.


THIERMAN BUCK LLP                              OGLETREE, DEAKINS, NASH, SMOAK
                                               & STEWART, P.C.

*/s/ Leah L. Jones*                            */s/ Anthony L. Martin*
Joshua D. Buck, Esq.                           Anthony L. Martin
Nevada Bar No. 12187                           Nevada Bar No. 8177
Leah L. Jones, Esq.                            Tullio J. Marchionne
Nevada Bar No. 13161                           Nevada Bar No. 4684
7287 Lakeside Drive                            Wells Fargo Tower, Suite 1500
Reno, NV 89511                                 3800 Howard Hughes Parkway
*Attorneys for Plaintiff*                      Las Vegas, NV 89169
                                               *Attorneys for Defendant*



**ORDER**

IT IS SO ORDERED.


_____
UNITED STATES MAGISTRATE JUDGE


          4/20/2018
_____
DATED

11

**<u>EXHIBIT A</u>**

**UNDERSTANDING AND AGREEMENT REGARDING
"CONFIDENTIAL" INFORMATION AND DOCUMENTS**

I hereby state that I have read and received a copy of the Stipulated Protective Order Governing the Confidentiality of Information and Documents (the "Protective Order") in *Natasha Porteous individually and on behalf of all others similarly situated vs. Capital One Services II, LLC., and DOES 1 through 50, inclusive*, pending in the United States District Court, District of Nevada, Case No. 2:17-cv-02866-JCM-GWF (the "Court"). I understand the terms of the Protective Order, agree to be the bound by those terms, and consent to the jurisdiction of the Court with respect to enforcement of the Protective Order.

_____
Signature

_____
Printed Name

_____
Dated

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
WELLS FARGO TOWER
SUITE 1500, 3800 HOWARD HUGHES PARKWAY
LAS VEGAS, NV 89169
TELEPHONE: 702.369.6800