1
2
3
4

UNITED STATES DISTRICT COURT

5

DISTRICT OF NEVADA

6

\* \* \*

7   NATASHA PORTEOUS,                                    Case No. 2:17-CV-2866 JCM (GWF)

8                                    Plaintiff(s),                      ORDER

9          v.

10   CAPITAL ONE SERVICES II, LLC,

11                                    Defendant(s).

12
13          Presently before the court is the matter of *Porteous v. Capital One Services, LLC*, case

14   number 2:17-cv-02866-JCM-GWF.  On July 7, 2018, the court granted Capital One Services II,

15   LLC's ("defendant") motion and dismissed Natasha Porteous's ("plaintiff") putative class action

16   in its entirety.  (ECF No. 43).  Plaintiff appealed (ECF No. 45), and the Ninth Circuit reversed on

17   all counts (ECF No. 50).

18          Notably, however, the Ninth Circuit reversed this court's decision only as it pertains to

19   defendant's motion to dismiss.  *Id.*  The Ninth Circuit held that this court erred by considering the

20   documents pertaining to plaintiff's motion for circulation of notice, thus "engag[ing] in

21   impermissible factfinding at the pleadings stage, fail[ing] to draw all reasonable inferences in favor

22   of [p]laintiff, and impermissibly assum[ing] the truth of extrinsic documents for the purpose of

23   contesting the allegations in the complaint."  *Id.* at 3.  The Ninth Circuit did not consider plaintiff's

24   motion for circulation of notice.  *See generally id.*

25          Class certification under the Fair Labor Standards Act ("FLSA") is often conducted in two

26   steps.  *See, e.g.*, *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F. Supp. 2d 883 (C.D. Cal. 2009);

27   *Lewis v. Nevada Prop. 1, LLC*, No. 2:12-CV-01564-MMD, 2013 WL 237098 (D. Nev. Jan. 22,

28   2013).  At the first step, the court engages in a less-stringent, preliminary determination of whether

**James C. Mahan**
**U.S. District Judge**

1   to certify the class and circulate notice to potential opt-in plaintiffs. *Sarviss*, 663 F. Supp. 2d at

2   903. Class certification is appropriate only when "putative class members were together the

3   victims of a single decision, policy, or plan." *Id.* (quoting *Thiessen v. Gen. Elec. Capital*

4   *Corp.,* 267 F.3d 1095, 1102 (10th Cir. 2001)). Opt-in plaintiffs must also be "similarly situated"

5   to the named plaintiff and to one another. *Lewis*, 2013 WL 237098, at \*7 (citations omitted). The

6   first step analysis requires only "substantial allegations that the putative class members were

7   subject to a single decision, policy, or plan that violated the law." *Id.*

8        The second step is more rigorous, at which time "courts use a stricter standard of 'similarly

9   situated' by reviewing several factors, including (1) disparate factual and employment settings of

10   the individual plaintiffs; (2) the various defenses available to the defendant which appear to be

11   individual to each plaintiff; and (3) fairness and procedural considerations." *Sarviss*, 663 F. Supp.

12   2d at 903.

13        Thus, the court properly considers the evidence available to it when determining whether

14   certification requirements are met. *Lewis*, 2013 WL 237098, at \*7 ("At the first stage, the court

15   relies 'primarily on the pleadings and any affidavits submitted by the parties,' to decide 'whether

16   the potential class should be given notice of the action.'" (quoting *Davis v. Westgate Planet*

17   *Hollywood Las Vegas,* No. 2:08–cv–00722–RCJ–PAL, 2009 WL 102735, at \*9 (D. Nev. 2009)).

18   Indeed, "[w]here significant discovery has been completed at the time of class certification, 'some

19   courts have skipped the first-step analysis and proceeded directly to the second step.'" *Sarviss*,

20   663 F. Supp. 2d at 903.

21        Accordingly, the court considers the declarations that both parties provide when

22   adjudicating plaintiff's motion for circulation.[1] The court has already discussed the shortcomings

23   in plaintiff's allegations, and that analysis applies with equal if not greater force to plaintiff's

24   motion for circulation. For instance, the court previously found that "plaintiff's theory as to how

25   defendant calculated and tracked hourly call center employees' time worked has shifted over

26   time." (ECF No. 43 at 9). And, regardless of which theory plaintiff advanced, it is belied by

27   defendant's evidence:

28

_____

[1] The court denies defendant's motion to strike. (ECF No. 38).

**James C. Mahan**
**U.S. District Judge**

- 2 -

> [D]efendant offers unequivocal evidence that hourly employees, including plaintiff and the putative class members, manually enter their time into defendant's web-based timekeeping system Workday. (ECF Nos. 28–38). In other words, defendant does not calculate employee wages based upon the time employees are logged into the phone system. *Id.* Although the company tracks the phone log to track employees' daily activities and time taking calls, the phone system does not function as a time clock, and it is not used for reporting time to payroll, nor is it used to determine how much an employee is paid. *Id.*

> Rather, employees are responsible for manually entering all of their time worked into defendant's timekeeping system, including any overtime. *Id.* Further, employees and managers receive handbooks and attend annual training outlining the company's timekeeping policies and expectations. *Id.*

*Id.* Further, defendant presented the "Overview of Guidelines," which instructs employees as follows:

> All time worked will be paid. Associates cannot be allowed to work during unpaid breaks . . . In order to be paid, associates must enter all time worked in Workday Time Tracking [sic], the official time tracking system of record . . . Start and stop times should reflect when associates actually begin and end work, not the hours they are scheduled to work . . . associates should enter their time daily . . . Managers should only adjust associate's Workday Time Tracking entries if the timecard does not reflect the hours the associate actually worked . . . Managers cannot withhold overtime from associates, even if they worked overtime without permission.

*Id.* at 9–10 (quoting ECF No. 29-1 at 3–4). The court also analyzed defendant's policy of paid "prep time" for employees to perform certain pre-shift work duties, such as logging into and out of their computers and reviewing daily memos, company emails, and program and script updates. *Id.* at 10–11.

Several of plaintiff's allegations are belied by records of her arrival at work. *Id.* at 11. For instance, a vast majority of plaintiff's self-reported start times fell within the paid prep period. *Id.* Further, "plaintiff self-reported that she began working before she even entered the building for 35% of the shifts that she worked." *Id.* Finally, "plaintiff never denies that plaintiff and members of the putative class were responsible for manually recording their time worked into defendant's timekeeping system." *Id.* (citing ECF Nos. 6; 15; 17; 19; 39; 40).

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Thus, the court finds that plaintiff has not shown a single employer policy or that she is

2    similarly situation to potential opt-in plaintiffs.  Plaintiff's motion for circulation is denied.  (ECF

3    No. 17).  Consistent with the Ninth Circuit's memorandum (ECF No. 50), plaintiff may proceed

4    on her individual claims against defendant.

5        Accordingly,

6        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the court's prior order

7    (ECF No. 43) be, and the same hereby is, VACATED.

8        IT IS FURTHER ORDERED that defendant's motion to dismiss (ECF No. 12) be, and the

9    same hereby is, DENIED, consistent with the Ninth Circuit's memorandum (ECF No. 50).

10       IT IS FURTHER ORDERED that plaintiff's motion for circulation of notice (ECF No. 17)

11   be, and the same hereby is, DENIED.

12       IT IS FURTHER ORDERED that defendant's motion to strike the declarations of Ayesha

13   Elliott, Chidi Emetanjo, Cole Squires, and Natasha Porteous (ECF No. 38) be, and the same hereby

14   is, DENIED.

15       IT IS FURTHER ORDERED that the parties shall file a new discovery plan and scheduling

16   order within 21 days of this order.

17       DATED June 12, 2020.

18   _____

19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 4 -